Delivered December 19; 1890.

---

CURTIS & CO. MANUFACTURING COMPANY V. DOUGLASS & GLASS.

No. 3171.

1.  **Payment by Check — Due Diligence.** — Without agreement a creditor was under no obligation to receive from a debtor the check of another, but if such check is received, then it devolves upon the creditor to use due diligence to collect it, otherwise he can not recover upon his original account.

2.  **Fact Case.** — See facts held sufficient to sustain a verdict negativing due diligence in presenting a check sent by a Texas debtor to his creditor at St. Louis.

**3. Mutilation.**—It being important to determine the date the check was received at St. Louis, and the date of mailing being given at December 12 or 13, and the ordinary time by mail being shown as two days on the one hand, against this was testimony that it came to hand on December 22. The letter produced accompanying it was mutilated, the part giving date, where written, etc., being torn off; the envelope was not produced. *Held*, the inference would not be unfair that the mutilation was done for the purpose of destroying the date of the letter.

Appeal from Franklin. Tried below before Hon. John L. Sheppard. The opinion gives a statement.

*J. B. Stringer*, for appellant.—1. The receiving of a check by a creditor from his debtor for an antecedent indebtedness is no payment of the debt unless the check is duly honored, and the surrender of the evidence of the indebtedness for such check will not sustain a plea of payment. Henry v. Conley, 3 S. W. Rep., 181; Iron Co. v. Bank, 6 Atl. Rep., 574; Pars. on Con., 6 ed., p. 622; Story on Prom. Notes, sec. 104; 2 Dan. Neg. Inst., sec. 1260, *et seq.*; Dan. Neg. Inst., 3 ed., sec. 1623.

2. Appellant had a valid subsisting debt against the appellees for which it never received anything in payment. The debt not having been paid by appellees, appellant was entitled to judgment. Rev. Stats., art. 1335.

3. Appellants never accepted Goudelock & Co. as its debtors in lieu of appellees by receiving the check and surrendering the note, but received the check and surrendered the note on the faith and confidence had in the solvency, honor, and integrity of appellees and in the business relationship existing between them. Henry v. Conley, 3 S. W. Rep., 181; Dan. Neg. Inst., 3 ed., sec. 1623.

*Hiram Glass*, for appellees.— 1. Whatever is received by the creditor in satisfaction of his debt will be effectual as a payment as between the creditor and his debtor. Swearingen v. Buck, 1 Posey's U. C., 421; Ins. Co. v. Ray, 50 Texas, 518; Morphy v. Garrett, 48 Texas, 249; Jennings v. Case, 17 Texas, 673; Wells v. Fairbanks, 5 Texas, 582; Cartwright v. Jones, 13 Texas, 4; Robson v. Watts, 11 Texas, 764; McNeil v. McCamley, 6 Texas, 165; Ables v. Lee, 6 Texas, 427; Boulware v. Robinson, 8 Texas, 330; Blair & Hodge v. Wilson, 28 Gratt., 165; Dan. Neg. Inst., secs. 1222, 1262, 1623; 2 Greenl. on Ev., secs. 516, 520.

2. When payment is made by draft or check on third persons, and is received by the creditor, any attempt at fraud or unusual delay in presenting it for payment will operate as a release of the debtor if the delay was the cause of the nonpayment, whether the draft ever be paid or not. Henry v. Conley, 3 S. W. Rep., 186.

STAYTON, Chief Justice.—This action originated in a Justice Court, and the statement of the case by counsel for appellant is as follows:

Douglass & Glass were indebted to appellant, Curtis & Co. Manufacturing Company, on a note for $166.50, with interest at 8 per cent from 7th of July, 1888. On the —— day of December, 1888, appellees forwarded by mail to appellant in St. Louis, Missouri, a check for $171.34, drawn by Goudelock & Co., a firm in Mount Vernon, Texas, composed of S. D. Goudelock, on the Mount Vernon Bank, of Mount Vernon, Texas, in favor of appellant, to cover the amount then due on the note and forty cents as exchange. This check was received by appellant on 22nd day of December, 1888, and it was forwarded to the Mount Vernon Bank for payment. The bank, on 26th of December, 1888, refused to honor the check and protested it at a cost of $4.04. Appellant was notified of the refusal of the bank to pay the check and of its protest on the 29th of December, 1888. On the 28th of December, 1888, before receiving notice of the protest by the bank, appellant forwarded the note to appellee by mail, acknowledging receipt of payment of note by check.

On receiving notice of the refusal of the Mount Vernon Bank to pay the check, appellant drew on appellees for the amount specified in the check and the protest fee, $4.04, aggregating $175.38, which appellees refused to pay, claiming that the debt due by them to appellant had been paid by the check.

The correctness of this statement, however, is controverted as to some matters about which the evidence is conflicting.

The evidence shows that the check was mailed to appellant at Mount Vernon on the 12th or 13th of December, 1888, and that by ordinary course of mail it would take two days for it to reach St. Louis and the same time for a return.

Evidence for appellees tends to show that a letter bearing date December 12, 1888, accompanied the check, and that a letter did accompany it is not denied, but the evidence for appellant is to the effect that the letter bore no date, that it was not received until December 22, 1888, and that "December 20, 1888," was placed on the letter by an employe of appellant as the supposed date.

The envelope in which the letter and check were enclosed was not preserved, and there was great conflict in the evidence whether a part of the paper on which the letter was written, embracing the part on which the date was, had not been torn off after it reached appellant.

The evidence upon that issue was such that the jury might have found that the part of the letter containing statement of place from which sent, date, and other matters on the paper relative to the business of Goudelock, on whose business paper the letter was written, had been torn off after it was mailed or to the contrary.

The evidence is positive to the effect that the letter was not received by appellant until December 22, 1888, and the evidence tending to show to the contrary consists in proof that in the ordinary course of mail it ought

to have reached appellant earlier than that date and in the evidence tending to show spoliation. Evidence for appellant shows that due diligence was used to collect the check if it was not received by it earlier than the 22d.

Goudelock had an account with the Mount Vernon Bank, growing out of deposits made in ordinary course of business, but the bank was not indebted to him when the check was presented, and therefore it refused to accept or pay it.

Whether checks of Goudelock & Co. would be honored by the bank at all times depended upon the state of his deposit account, and Goudelock & Co. generally checked out their funds about as fast as he made deposits.

The state of Goudelock's account with the bank up to the 22d of December renders it uncertain whether, on account of deposits, the check would have been paid had it been presented; but his evidence is to the effect that had the check been presented even as early as December 24 it would have been paid.

The evidence further renders it probable that since the 26th of December Goudelock was not in condition to protect the draft.

Douglass & Glass paid Goudelock for the check when he issued it.

No complaint is made of the charge of the court which instructed the jury as to the facts which would entitle the one or the other party to a judgment, but it is claimed that the evidence was not sufficient to sustain a verdict for the defendants.

Under the facts proved it is clear that appellant did not receive the check under any express agreement that it should be received in payment of the sum due from Douglass & Glass.

It was under no obligation to receive it at all, but having received it, was under obligation to use diligence to collect it.

We understand the law to be as thus stated by an elementary writer: "When the debtor transfers by delivery merely the bill or note of another for an antecedent debt, he is undoubtedly not entitled to require strict presentment and notice, as he is not a party to the instrument. Still, by accepting the instrument in conditional payment, the creditor comes under an obligation to use due diligence in making it subserve the purpose for which it was given; and if by his delay and laches he loses the opportunity to collect and apply the proceeds, he can not then enforce the original right of action against the transferer." 2 Dan. on Neg. Inst., 1278, 1276; Story on Bills, 109.

The same rule applies to the facts of this case.

Under the evidence it was for the jury to determine when appellant actually received the check, and although that tending to show that it was received before December 22 is circumstantial, we are not prepared to hold that it was not sufficient to justify a finding that it was received much earlier than the date at which appellant claims to have received it.

If the letter accompanying the check was mutilated as claimed, the

inference would not be unfair that.this was done for the purpose of de-stroying the date of the letter. The date entered by the employe of ap-pellant as the supposed date of the letter was in black ink, while all oth-ers, including the address from which sent, were in red ink. The envel-ope in which the check and accompanying letter were sent was not pre-served so that the stamped date showing when received at the postoffice in St. Louis might be exhibited. That this was not done was a circum-stance to be.considered by the jury.

The jury must have come to the conclusion that appellant received the check in usual course of mail, and if it did, it can not be held that it used proper diligence to collect it; or at least the finding of the jury, which involves a finding that due diligence was not used, is not without sufficient evidence to sustain it.

Finding no error, the judgment will be affirmed.

*Affirmed.*

Delivered December 19, 1890.