H. H. EDWARDS v. ARTHUR ATKINSON.

Time may be of the essence of a contract for the sale of land, not only by the express agreement of the parties, but where the circumstances of the case, or the nature of the property, show such must have been their intention.

The fact that land is the subject of a contract for sale, is not, of itself, sufficient to make time of the essence of such contract; but the fact that land is constantly rising in value, in this State, is a circumstance in favor of the presumption that time is to be, and was regarded by the parties, as material.

Where the purchase money was payable in three annual installments, the title to be made upon the full and punctual payment thereof, for which the vendee gave his notes, and the vendee agreed, further, being then living upon the land, that he would, until the faithful performance of the agreement according to the letter and terms thereof, consider himself a renter or lessee of the vendor, covenanting in case of his failure to comply faithfully with the agreement, according to the true spirit and meanng thereof, to deliver up the said land, with all the improvements thereon, to the vendor, without charge, let or hindrance of any kind whatsoever, at the expiration of three years from the date of the agreement, the labor and improvements made upon the land to be in consideration of his failing to comply with his contract, and for the use and benefit derived from the land during his occupancy of the same, to the true and faithful performance of which agreement the parties bound themselves in the sum of one thousand dollars; and the vendee failed to pay any part of the purchase money; and the vendor, on the day the last installment fell due, demanded payment or a delivery of the property, which the vendee refused, but three months afterwards tendered the purchase money and demanded a deed, which the vendor refused, and eight months afterwards brought an ordinary action of trespass to try title, in which the facts stated appeared; it was held that time was of the essence of the contract, and that, though there might, perhaps, be cases of this kind, in which Courts would refuse to enforce a literal compliance with an unconsciencious stipulation, as nothing of this kind appeared, either from the terms of the agreement or the facts in evidence, the plaintiff was entitled to recover.

Error from Smith. Action of trespass to try title, by the

plaintiff in error against the defendant in error, commenced September 13th, 1852. The defendant pleaded articles of agreement between himself and the plaintiff, as follows : dated Oct. 11th, 1848; for the sum of $333 33, to be paid to the plaintiff in three annual installments, for which the defendant had issued his three promissory notes, plaintiff covenanted, upon the punctual payment thereof, to convey the land without warranty to the defendant ; " and the said Arthur Atkinson of " the other part, does hereby covenant and agree for himself, " his heirs or assigns, that he or they will purchase the said " tract of land as above described, and make payment for the " same in three annual payments of one hundred and eleven " dollars and eleven cents each, for which he has executed and " delivered his three promissory notes, each for one hundred " and eleven 11-100 dollars, with ten per cent. interest per an- " num, and bearing even date with this instrument. And the " said Arthur Atkinson furthermore covenants and agrees that " as he is now living upon the said tract of land, and has it in " possession, that he will for himself, his heirs and assigns, until " the faithful performance of this agreement, according to the " letter and terms thereof, consider himself and them as renters " or lessees of the said H. H. Edwards, covenanting and agree- " ing that in case of his failure to comply faithfully with this " agreement, according to the true spirit and meaning thereof, " that he will deliver up the said tract of land, together with " all the improvements thereon, to the said H. H. Edwards, his " heirs or assigns, without charge, let or hindrance of any kind " whatsoever, at the expiration of three years from date of this " instrument, the labor and improvements made upon said tract " of land to be in consideration of his failing to comply with " his contract, and for the use and benefit derived from the " land during his occupancy of the same. To the true and " faithful performance of the several covenants and agreements " aforesaid the parties aforesaid do hereby respectively bind " themselves, their heirs, executors and administrators, each to " the other, his heirs, executors and administrators, in the sum

Edwards v. Atkinson.

" of one thousand dollars. Given under our hands, and using
" a scroll for a seal, the day and date before written.

> " Attest :          H. H. EDWARDS,      (L. S.)
> " JOHN FORBES,       ARTHUR ATKINSON, (L. S.)
> " F. J. HAIN."

On the 11th of October, 1851, the plaintiff demanded the
payment of these notes, and upon the refusal of the defendant
to pay them, he demanded a restoration of the land. In Janu-
ary, 1852, the defendant tendered to the plaintiff the purchase
money and interest and demanded a conveyance, which the
plaintiff refused. The value of the land or improvements was
not proved. There was judgment for the plaintiff, with leave
to the defendant to pay the purchase money within thirty days,
and retain the land. The plaintiff prosecuted this writ of
error.

*Ochiltree & Jennings*, for plaintiff in error. That portion of
the decree of the Court below which gives the right to the ap-
pellee to pay the purchase money into Court within thirty days
of the rising of the Court, is a piece of judicial charity not re-
cognized by the law.

The contract speaks for itself; the appellee agreed when he
took the land, that if he did not pay for it punctually, it was
to revert.

If the principle established by this Court in the case of
Browning v. Estes be correct, there can be no doubt but that
the Court erred in the condition annexed to the decree of title
to appellant.

HEMPHILL, CH. J. This was an action by the plaintiff, Ed-
wards, to try the title and recover the possession of a tract of
land. The defendant, Atkinson, set up that there was an
agreement for the sale of the land, and the effect or intention
of his averment was, that although he, as purchaser, had not
complied literally with his stipulations, in paying the purchase

money when due, yet that he had tendered the, money in less than three months afterwards, and that he now tendered it, and prayed that the plaintiff be compelled to make title.

The plaintiff, on these pleadings, is entitled to a writ of possession, unless on the facts, the defendant be entitled to demand specific performance of the plaintiff; and whether he be or not, will depend upon whether the time of performance, as stipulated in the agreement, be of the essence of the contract; for if so, unless waived by some act of the plaintiff, the failure of the defendant to comply at the day stipulated, cannot be relieved against, and a subsequent offer to perform will afford no legal ground on which to demand specific execution from the plaintiff.

Courts of Equity, at one time, went to such extravagant lengths, in favor of relief, that it appeared doubtful whether it might not ultimately be determined that parties could not, by the most positive and express stipulation, make the time of performance of the essence of the contract. But the tendency of modern decisions has been, to hold persons, concerned in contracts for the sale of land, bound, as in other contracts, to regard time as material. (1 How. 348 ; 2 Call, 556 ; Dart on Vendors, 209.)

The Court, in the late case of Hipwell v. Knight, (1 Younge & Collyer, 413,) illustrate very felicitously the mode in which contracts should be considered in equity, in order to ascertain whether time was of the essence of the agreement. It is said, in substance, that the contract must be examined to ascertain, not what the parties have expressed in terms, but what was the real intention of the contract. The *prima facie* presumption is, that the parties must have intended what they expressed, and the burden ought, in good reason, to be thrown on those who assert the contrary. In the case of a mortgage, the Court, looking at the real contract, which is a pledge of the estate for debt, treats the time mentioned in the mortgage deed as only a formal part of it, the general intention overriding the words of the particular stipulation. So in the ordinary case

of the purchase of an estate, and the fixing a particular day for the completion of the title, the general object being only the sale of the estate for a particular sum, the particular day named is merely formal, and the stipulation means in truth, that the purchase shall be completed within a reasonable time, regard being had to all the circumstances, and the nature of the title to be made. This is but a corollary from the general position, that the real contract and all the stipulations really intended to be complied with literally, shall be carried into effect. But the corollary must not be mistaken for the original proposition. If, therefore, the thing sold be of greater or less value, according to the effluxion of time, such as stock, for instance, or reversions, time is of the essence of the contract, and the stipulation in regard to time must be literally complied with. So, if the object be that the property be conveyed before a given period, as the case of a house for a residence. And the Court concludes, that if the parties choose, even arbitrarily, provided both of them intend so to do, to stipulate for a particular thing to be done at a particular time, the stipulation must be carried literally into effect, in a Court of Equity. This is the real contract; the parties had a right to make it; and why should the Court interfere to make a new contract, which the parties have not made? (2 Story, Eq. Ju. Sec. 776, and numerous authorities cited; Sugden on Vendors, 359, 360, 361; Dart on Vendors, 208, 215.)

It appears, then, that time may be of the essence of the contract for the sale of land, not only by the express agreement of the parties, but where the circumstances of the case show such must have been their intention. The rule, established by modern decisions on the subject, has been concisely and pithily expressed in Roberts v. Berry, (13 Eng. Law and Equity R. p. 400,) viz: that "time may or may not be of the essence of the "contract, by the stipulations of the parties, the state of the "property, or surrounding circumstances." The fact that land is the subject of a contract for sale is not, of itself, sufficient to make time of the essence of such contract; but the fact that

land is constantly rising, in this State, in value, is a circumstance in favor of the presumption that time is to be, and was regarded by the parties as material. Where default is made, the payment of interest on the purchase money would be comparatively but a slight compensation to the vendor, for the loss of the increased value in the land, and of the use of the money in the purchase of other land, or property which is augmenting in value or price.

We will now examine this agreement, to ascertain whether the parties have by express stipulation made the time of performance a substantial part of their contract.

The purchase money was payable in three annual installments, for which three separate notes were given, the last payable on the 11th October, 1851. The vendor covenants upon the full and punctual payment of said notes, to make a good and sufficient deed in fee simple, without warranty. The vendee, after covenanting for the payment of the notes, further agrees that as he was then living upon the land, he would, for himself, his heirs and assigns, until the faithful performance of the agreement according to its stipulations, consider himself and them as renters and lessees of the plaintiff, covenanting in case of failure to comply faithfully with the agreement, according to the spirit and meaning thereof, to deliver up the land, with all the improvements, to the plaintiff, his heirs or assigns, without charge, let or hindrance of any kind whatever, at the expiration of three years from the date of the instrument, the labor and improvements made upon the land, to be in consideration of failure to comply with the contract, and for the use and benefit derived from the land during his occupancy of the same.

From these stipulations it is very clear, that the time of performance was deemed an essential part of the contract, by the parties. Where it is declared, in agreements, that they shall be absolutely void, if not performed at the time stipulated, it has always been held that time was an essential part of such agreements. This agreement is not in terms declared void for

want of punctual performance, but its stipulations are of equivalent character. The contract is entirely changed, if not performed at the day. Instead of being a purchase, it becomes, or rather continues a lease, and at the maturity of the last note, if not paid, the premises, with their improvements, are to be delivered up to the plaintiff, without let or hindrance, and without pay for improvements, except by way of *recoupment* for the rents and profits. The plain meaning of the terms are, that the contract must be punctually performed, otherwise it shall no longer have any force, and shall, from its inception, be considered as having been a lease and not a purchase.

The intention of parties must govern, and they have as much right to make the time of performance a substantive part of the contract, as any other stipulation ; and where such intention appears, whether from the terms or other circumstances, it cannot be disregard by the Courts, and other time or times substituted. (1 Johns. Chan. R. 370 ; 7 Paige, 22.)

It appears from the evidence, that the plaintiff demanded the purchase money on the day the last note became due, or a delivery of the premises with the improvements. The defendant neither made payment nor surrendered the premises, and has ever since remained in possession. In January, 1852, the defendant tendered the principal and interest due, and demanded a deed. The plaintiff refused to receive the money or execute the deed. The defendant did not deposit the money in Court, as might be inferred from his answer, pleading a tender. If this were a case and a contract in which delay might admit of excuse or justification, yet none has been shown why the performance was not at the day. Nor was there any act of waiver, on the part of the plaintiff. But this is not one of those agreements which would admit of the ordinary excuses for the want of punctuality. The parties have chosen to regard the time as essential, and though there might perhaps be cases of this kind, in which Courts would refuse to enforce a literal compliance with an unconscientious stipulation, yet nothing of this kind appears, either from the terms of the agreement or

the facts in evidence. On the contrary, the defendant not only failed on the day at which the last note arrived at maturity, but he had not discharged either of the other notes. There is no evidence that the improvements greatly exceeded the value of the use of the premises, and they may be considered as but reasonable compensation for the profits arising from the use and occupation. Such was the agreement of the parties, and though Courts might relieve against such stipulation, if intended as a forfeiture, yet it was clearly not so regarded in this contract; and under stipulations of this character, the defendant could claim no compensation for expensive improvements, which would greatly exceed the rents and profits. The ordinary ameliorations of the land could not be regarded as more than a fair equivalent for the disappointment of the vendor, in not receiving his money punctually, according to the stipulations of the agreement.

The defendant in this case was apprised of his obligations, and of the necessity for exact performance. His loss is attributable to his own neglect, and he cannot reasonably invoke the aid of the Court to extend the terms of this agreement in his favor, or to make a new contract, not in contemplation of the parties at the time they entered into these stipulations. It is ordered, adjudged and decreed that the judgment of the District Court be wholly reversed; and it is further ordered, adjudged and decreed that the plaintiff do have and recover possession of the said land as prayed for in his petition, and that the usual writ do issue to place him in possession of the same; and it is further ordered that the plaintiff do recover his costs in this behalf expended.

Reversed and re-formed.