## S. CHRISTIE v. W. W. GUNTER.

If the payee of a note assigns it by indorsement with the motive and purpose of applying its proceeds to a debt due by him to the assignee, and the assignment was not merely fictitious and colorable for the purpose of conferring jurisdiction on the court of the county of the assignor's residence, such assignment is not a fraud upon the jurisdiction of the court of the maker's residence, nor an infraction of his right to be sued in his own county.

APPEAL from Wood. Tried below before the Hon. C. A. Frazer.

The appellee brought this suit in the District Court of Wood county, upon a promissory note for $142 50, against S. Christie, the maker, who resided in Rusk county, and James N. Brown, the endorser, who was a resident of the county of Wood.

The defendant Christie filed his plea in abatement, to the jurisdiction of the court, alleging that he was a resident of the county of Rusk, and that the note sued on was transferred by his co-defendant Brown to the plaintiff for the purpose of giving jurisdiction to the District Court of Wood county in fraud of the right of defendant Christie to be sued in his own county.

Under this answer Christie propounded interrogatories to the plaintiff, who stated in reply that, "the endorsement was made on the back of the note for the purpose of enabling me to bring suit in this county, and also to ensure the collection of the note. I was to enter the amount of principal and interest of said note as a credit on James N. Brown's book account for the year 1856, at the house of A. &. W. W. Gunter & Co., of which firm I was a partner and book-keeper. The fees for collecting were to be deducted from the amount of the note, and only the net proceeds to be entered."

The court instructed the jury that they should find for the plaintiff unless they believed from the testimony "that the note sued on was indorsed and transferred to the plaintiff to enable the defendant Brown to have suit brought on the same in Wood county, and here collect the same for his own benefit. But if from the testimony you believe that Brown was, at the date of the transfer of the note, indebted to A. & W. W. Gunter, and that the proceeds of said note, when collected, were to be applied to the payment of said indebtedness, you cannot find that the note was transferred for the purpose aforesaid and you will find for the plaintiff as before instructed."

*W. Steadman*, for appellant. In the case of Pool v. Pickett, 8 Tex. Rep., 122, this court said that "the cherished policy of the law is that the inhabitants of the State shall be sued in the counties in which they respectively have their domicils; this is the general rule, &c., and it cannot be defeated by any evasion or artifices intended for that purpose."

Now, in this case, the proof shows that the indorsement of the note by Brown to Gunter was a mere evasion. The object was to enable Brown to sue Christie in Wood county. It was in fact his

suit, for he was to pay the expenses attending the. collection of the note, and Gunter was to credit him with only the net proceeds. There was not, and could not, under the facts, be any other object in the transaction than the defeat of the rule which the court declared in the case of Pool v. Pickett, *supra.*, to be " just in itself, and eminently advantageous to defendants."

There was no pretence of a *bona fide* sale and transfer of the note. If there had been, the suit would have been well brought ; but if such artifices as the parties in this case resorted to to oust the jurisdiction of the court of Rusk county are tolerated, the salutary rule above stated will become a dead letter.

*J. C, Robertson,* also, for appellant.

WHEELER, C. J.   We are of opinion that there is no error in the judgment.   The only ground of error relied on is the charge of the court, which, considered as a whole, we think was substantially correct.   It does not appear from the evidence that the note was assigned without consideration, and for the purpose of fraudulently giving jurisdiction of the case to the court in Wood county. It was assigned to enable the assignor to apply its proceeds in payment of a debt due from him to the assignee.   This was a legitimate purpose, and it cannot be urged as an objection to the validity of the assignment that it enabled the holder of the note to sue in the county of his residence ; or that the privilege it conferred thus to sue was a motive for making the assignment, since it was made *bona fide* for a sufficient consideration.   It was the right of the assignor thus to dispose of and apply the note to the payment of his debt.   If this was the motive and purpose of the assignment, and it was not merely fictitious and colorable, and for the purpose of conferring jurisdiction upon the court in the county of the assignor's residence, it could not be deemed a fraud upon the court of the county of the maker's residence, or an infraction of his right to be sued in that county.

The judgment is affirmed.

Judgment affirmed.