GUST ANDERSON V. WACO STATE BANK ET AL.

No. 278.

**1. Jurisdiction—Residence of Endorser.**

Suit on vendor's lien note payable to bearer. The note had passed by delivery from the payee. This holder endorsed the note and the bank became holder. It sued the maker and endorser in the county of the residence of the endorser. The maker by plea contested the jurisdiction of the court over him. *Held*, the court had jurisdiction of the case, and to foreclose the lien ...................................... 619

**2. Case Qualified.**

The opinion in Berrendo Stock Company v. McCarty, 85 Texas, 412, was delivered without reference to the Act approved April 1, 1887. This act provides for nonjudicial forfeiture, by the Commissioner of the General Land Office endorsing on the obligation of the purchaser in default the words " land forfeited." The decision is not conclusive of the matter ...................................................... 619

APPLICATION FOR WRIT OF ERROR to Court of Civil Appeals for Third District, in a case appealed from McLennan County.

The error complained of in the application is: "The court erred in holding that the endorsement of the notes herein sued on by Philip Alexandre gave the District Court of McLennan County jurisdiction over Gust Anderson, under his sworn plea of privilege to be sued in the county of his residence."

Alexandre, who was sued as endorser, resided in McLennan County.

*Robert H. Rogers* and *J. B. Scarborough*, for application.

STAYTON, CHIEF JUSTICE.—Under the facts found there can not be any question as to the correctness of the conclusion on the jurisdictional matter on which applicant relies for writ of error; but it is deemed proper, in view of the fact that the Court of Civil Appeals, following the decision in the case of Berrendo Stock Company v. McCarty, 85 Texas, 412, held that there was no law in force in 1887 authorizing the forfeiture of school lands bought from the State otherwise than through the courts, to say, that in the decision of that case the attention of this court was not called to the Act approved April 1, 1887.

The eleventh section of that act declares: "If upon the 1st day of August of any year the interest due on any obligation remains unpaid, the Commissioner of the General Land Office shall endorse on such obligation 'land forfeited,' and shall cause an entry to that effect to be made on the account kept with the purchaser; and thereupon said land shall be forfeited to the State, without necessity of re-entry or judicial ascertainment, and shall revert to the particular fund to which it originally belonged, and be resold under the provisions of this act or any future law."

The same section makes provision for forfeiture on grounds other than the failure to pay interest.

This statement is made in order that it may be understood that the decision in the Berrendo Stock Company v. McCarty is not regarded as conclusive of the question involved in that case.

Application for writ of error will be overruled.

Delivered April 19, 1894.