### S. H. SNYDER ET AL. v. A. N. MORRIS,

Decided November 18, 1896.

**Charge—Conflicting Instructions.**

In a suit of trespass to try title involving conflicting boundaries and an issue, supported by evidence, of agreement by plaintiff to the boundary claimed by defendants, an instruction to find for plaintiff, his title being oldest, if his field notes embraced the land in controversy, unless defendant's plea of limitation was sustained, was erroneous, being a direction to disregard the issue as to an agreed line. Such error was not cured by giving in another paragraph an instruction to find for defendant if the agreed line was established by testimony, the charges being contradictory.

APPEAL from the District Court of Mills County. Tried below before Hon. W. A. BLACKBURN.

*J. L. Lewis,* for appellants.—A charge in cases of trespass to try title, when agreed boundaries is the issue, and evidence shows line at different place to where field notes call for, which informs the jury that plaintiff's title is the oldest and then instructs them to find for him, if the land in dispute is embraced in his field notes, without any other qualification than further charging them "unless defendants have proven their plea of limitation," is erroneous and calculated to mislead the jury to defendant's injury, notwithstanding a correct instruction in a subsequent part of the charge, on the question of agreed boundary

might have been given. Rev. Stats., art. 4793; Harn v. Smith, 79 Texas, 312; Baker v. Ashe, 80 Texas, 356; Railway v. Daniels, 1 Texas Civ. App., 695; Kraus v. Haas, 6 Texas Civ. App., 665.

*Williams & Anderson*, for appellee.—A charge should not be taken and construed by isolated paragraphs, but as a whole, as it is read and delivered to the jury, one paragraph explaining and qualifying the other, and it will be presumed that the jury did not overlook any portion of it, but gave due weight to it as a whole. Johns v. Brown, 1 White & W. C. C., sec. 1017; Railway v. Stewart, 57 - Texas, 170; Railway v. Smith, 65 Texas, 170; Baker v. Ashe, 80 Texas 361.

If the appellants believed there was error in the charge, whether of omission or commission, it was their duty to supply the deficiency by asking of the court additional or special charges, and not having done so, they now have no right to complain unless there was positive error in the instructions as given, or it clearly appears that some injury to appellants has resulted thereby. Johns v. Brown, 1 White & W. C. C., sec. 1017; Railway v. Daniels, 1 Texas Civ. App., 695; Wisson v. Baird, 1 White & W. C. C., sec. 710; Gallagher v. Bowie, 66 Texas, 265.

COLLARD, ASSOCIATE JUSTICE.—This is a suit, brought April 12, 1893, by the appellee, A. N. Morris, in form of trespass to try title, against S. H. Snyder and his wife, Mrs. S. A. Snyder.

Defendants answered not guilty and by plea of three and ten years limitation.

The issue was the location of the dividing line between the A. N. Morris survey, claimed by plaintiff, and the B. Lammers and G. M. Morris surveys, claimed by defendants. Both parties have title to the lands claimed by them. The Lammers and G. M. Morris surveys run over on the A. N. Morris, claimed by plaintiff, taking a part of the northern part of the same.

There is testimony tending to show that plaintiff, before his patent issued, had agreed to the line run for the south line of the Lammers and G. M. Morris surveys, and that he assisted in running the line for Lammers when his (Lammers') preemption survey was run out, he at the time representing Lammers in the survey, the latter not being present, plaintiff then disclaiming any land north of the line so run for the south line of the Lammers.

There was other testimony on the part of defendants tending to establish the same facts as to both the Lammers and the G. M. Morris, and tending to show that plaintiff was estopped from claiming to the line in his field notes, defendants having acted on the matter of estoppel by improving and surveying the land claimed by them.

All this testimony was contradicted by the plaintiff's personal testimony.

Plaintiff's title was the oldest of the three surveys.

There was a verdict and judgment for plaintiff, and defendant, owning the Lammers and G. M. Morris surveys, has appealed.

*Opinion.*—The court instructed the jury: "The plaintiff's title is the oldest, and if his field notes embrace the land in dispute, then he is entitled to recover, unless the proof shows that defendants' plea of three and ten years limitation has been proved as required by the law hereinafter given you in charge," omitting the claim of defendants as to the agreed line and estoppel.

The foregoing charge was erroneous, because it omitted one of the grounds of defense made by the proof—the agreed line and the question of estoppel. The charge given was positive that plaintiff should recover if the land in dispute was included in his field notes, unless defendant had established by proof his plea of limitation. This charge excluded all defenses except the one named, and was therefore incorrect.

The court also charged, in another paragraph, upon the question of an agreed line, and directed a finding for defendants if the agreed line was established by the testimony. The court also submitted the question of limitation to the jury, but did not charge upon the question of estoppel.

It is contended by appellee that the charge upon an agreed line cured the error in the former part of the charge, first above quoted, upon that issue.

The charges given were contradictory, and one part could not correct the other. When a charge requires the jury to find for the plaintiff if certain facts are found, unless other named defensive facts are found, and the exception does not include all the defenses in issue, and there be another charge upon the defenses, there is an irreconcilable contradiction in the charges. The error is not corrected. Baker v. Ashe, 80 Texas, 356; Kraus v. Haas, 6 Texas Civ. App., 665.

There was no charge at all on the issue of estoppel, and there can be no contention that such omission was supplied by a subsequent submission of the issue.

Because of the error above pointed out in the charge of the court, the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*