### A. C. Allen v. W. R. Edrington.

Decided January 15, 1910.

**1.—Practice—Plea of Privilege—Proof.**

Where one of several defendants filed a plea of privilege to be sued in the county of his residence, alleging therein that another defendant was made a party for the fraudulent purpose of conferring jurisdiction on the court in which the suit is filed, the trial court may ignore such plea where no evidence is introduced to support the same, and on the face of plaintiff's pleading all the defendants seem to be proper parties.

**2.—Case Followed.**

Allen v. Hutcheson, 57 Texas Civ. App., 71, followed.

Error from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*Masterson, Atkinson & Masterson* (*Cowan, Burney & Goree,* of counsel), for plaintiff in error.—A. C. Allen having a fixed and permanent domicile in Harris County, Texas, and having continuously resided there for a period of twenty years preceding the institution of this suit, and his place of residence being known to the plaintiff and so alleged in the petition filed herein, the law accorded plaintiff in error the right to have said cause tried in Harris County upon his sworn plea, claiming the benefit of the law of venue; and the fact that Geo. W. Armstrong, a citizen of Tarrant County, was made a defendant, did not bring this case within the exceptions to the statute, because the petition shows that plaintiff claimed to hold a contractual obligation of said Armstrong to pay him certain amounts of money, while he claims of this defendant damages for a tort alleged to have been committed by him in conspiracy with other defendants (nonresidents of Tarrant County), and for conversions of stock in the Tobin Oil Company, which defendant A. C. Allen recovered from all of the defendants in the case of Allen v. Daniell et al., No. 34,390, in the District Court of Harris County—charged, however, with a trust lien in favor of the different defendants in said cause No. 34,390, two wholly independent causes of action, and against different parties, either of which could be fully tried and determined separate from the other. Wherefore, Geo. W. Armstrong was not a necessary party to plaintiff's suit against Allen, and Allen would not be a necessary party to plaintiff's' suit against Geo. W. Armstrong. Miller v. Alexander, 8 Texas, 46; Roan v. Raymond, 15 Texas, 86;

Ellis v. Batts, 26 Texas, 703; Rush v. Bishop, 60 Texas, 177; Hollo-way v. Blum, 60 Texas, 625; Texas & P. Ry. Co. v. Mangum, 68 Texas, 342; Blum v. Strong, 71 Texas, 323; Mathonican v. Scott, 87 Texas, 398; Brigham v. Thompson, 12 Texas Civ. App., 562.

In the case of Pryor v. Jolly, 91 Texas, 89, it was held: "In this case the plea of privilege contained an issue of fact, and a jury had been demanded, so that the defendant had the right to submit every issue of fact to the jury. His plea of privilege might have been tried before submitting the case upon the merits, or it might have been submitted to the jury with the entire case."

*R. M. Rowland* and *A. B. Flanary,* for defendants in error.—There being no evidence to support the plea of privilege, and the evidence being uncontradicted that the assignment was made in good faith, the peremptory instruction by the court was correct. Leahy v. Ortiz, 38 Texas Civ. App., 314; Cleveland v. Campbell, 38 S. W., 219; Anderson v. Waco St. Bank, 86 Texas, 618; Christie v. Gunter, 26 Texas, 700.

SPEER, ASSOCIATE JUSTICE.—W. R. Edrington sued A. C. Allen, George W. Armstrong and others on a cause of action formerly existing in favor of the defendant, George W. Armstrong, against the other defendants and transferred and guaranteed by said George W. Armstrong. The defendant Allen pleaded his privilege to be sued in Harris County, alleging that Armstrong was made a party defendant to the suit in Tarrant County for the fraudulent purpose of conferring jurisdiction upon the District Court of that county. The trial court summarily instructed the jury to find in favor of the plaintiff on the defendant's plea of privilege, and on the merits of the case as well.

As to the court's instruction with reference to the plea of privilege, no error is shown by plaintiff in error since no contention is made in the brief that any evidence was introduced tending to support the allegations that Armstrong was fraudulently made a party for the purpose of conferring jurisdiction on the District Court of Tarrant County. On the face of defendant in error's pleadings, Armstrong undoubtedly appears to be a proper party, and his residence being in Tarrant County the District Court of that county undoubtedly had jurisdiction in the absence of evidence to support the charge of fraud made by plaintiff in error.

On the charge as affecting the merits of the controversy we will content ourselves by stating that we have concluded the evidence abundantly authorized the summary instruction to find in favor of defendant in error against plaintiff in error, who alone has appealed. We find the facts to be substantially the same as those set out at length in Allen v. Hutcheson, 57 Texas Civ. App., 71 (121 S. W., 1141), in which case the Court of Civil Appeals for the Fourth District upheld an instructed verdict and a writ of error was refused by the Supreme Court. We find in the present case that plaintiff in error so converted and handled the trust funds committed to him by the judgment of the District Court of Harris County in the case

of A. C. Allen v. I. E. Daniell et al. as to make himself personally liable to the defendant in error for the amount recovered in this suit.

We find no error in the judgment of the District Court and it is affirmed.

*Affirmed.*