## W. T. LEAHY v. L. R. ORTIZ ET AL.

### Decided February 15, 1905.

**1.—Practice on Appeal—Exception to Pleading.**

Where a plea of privilege to be sued in the county of his residence was filed by defendant and duly excepted to by plaintiff, and afterwards another plea was filed, setting out practically the same things as were embodied in the former one, but was not excepted to, it can not be urged on appeal that the second plea was filed too late.

**2.—Plea of Privilege—Continuance not a Waiver.**

The continuance of a case in order that the question of fraud, raised by a plea of privilege, might be tried by a jury on the trial of the cause on its merits, was not a waiver of the plea of privilege, it being specially provided in the order granting the continuance that the plea should not be prejudiced thereby.

**3.—Breach of Contract—Assignment of Cause—Plea of Privilege—Question for Jury.**

One of the parties to a contract alleged to have been breached assigned his cause of action to plaintiff, alleging the consideration to be the cancellation of a note of his for $1,000, held by plaintiff, and guaranteed plaintiff at least $1,000

on the claim, but admitting also that he made the assignment in order that he might be made party defendant, as guarantor, to a suit by the assignee on the contract, and the suit be brought in the county of his (the assignor's) residence, for the reason that he did not believe he could get judgment in the county of the residence of the party breaching the contract. Such latter party interposed a plea of privilege to be sued in the county of his residence, raising the issue of fraud upon the jurisdiction in the assignment of the cause of action. Held, that the question of fraud as to the jurisdiction was one for the jury to decide, and it was error for the court to instruct for defendant on his plea of privilege.

**4.—Damages for Breach of Contract—Assignment of Part of Damages—Consideration—Parties.**

The fact that the whole of the damages that might be obtained on account of the breach of the contract were not transferred by the assignment, but only enough to satisfy the debt of the assignor, would not prevent the assignee from instituting suit against both the maker and the guarantor.

**5.—Assignment of Claim—Ratification.**

The fact that the transfer of the contract in satisfaction of the note was made by an attorney, without knowledge thereof on the part of plaintiff, was immaterial where he afterwards accepted the benefits of the assignment and authorized suit on the contract.

**6.—Same—Jurisdiction—Fraud—Evidence.**

Where a claim arising from breach of a contract was assigned in consideration of the cancellation of a note of the assignor's, and it was alleged in a suit by the assignee upon the contract that the assignment was a fraud upon the jurisdiction, testimony of the assignee as to how the assignor became indebted to him was competent.

Error from the District Court of Bee. Tried below before Hon. James C. Wilson.

*Daugherty & Daugherty,* for plaintiff in error.—Where a party has submitted to the jurisdiction of the court, by answering to the merits of the cause, it is error for the court to instruct the jury to find for such party upon a plea in abatement to the jurisdiction filed subsequent to such answer to the merits. 1 Batts' Stats., 706, art. 1268; Compton v. Stage Co., 25 Texas Supp., 77; Railway v. Lynch, 73 S. W. Rep., 65; Price v. Garvin, 69 S. W. Rep., 985; Tignor v. Toney, 35 S. W. Rep., 881; Logan v. Loan Association, 28 S. W. Rep., 141; Moore v. Torrey, 1 Texas, 45.

2. The court erred in instructing the jury to find for the defendant Ortiz on his plea of privilege, for the reason that he, Ortiz, had submitted himself to the jurisdiction of the court at a prior term by making application for a continuance of this cause at a former term of this court. 1 Batts' Statutes, 706, art. 1268; District and County Court Rule No. 24.

3. Where an action for damages against a party, arising out of a breach of contract, is assigned by good and valid assignment for a valuable consideration, and a part of such damages guaranteed by the assignor, suit may be brought by the assignee either in the county where the assignor resides or in the county where said party resides. Turner v. Brooks, 21 S. W. Rep., 44; McDonald v. Smally, 1 Pet., 620; Smith v. Kernochen, 7 How, 198; Barney v. Baltimore City, 6 Wall., 280;

Furnington v. Pillsbury, 114 U. S., 138; Crawford v. Neal, 144 U. S., 585.

4.   It seems well settled that a mere colorable conveyance of property for the purpose of vesting title in a nonresident, in order that he may bring suit in the Federal Court, will not confer jurisdiction, but if the conveyance appears to be a real transaction, the court will not, in deciding upon the question of jurisdiction, inquire into the motives which actuated the parties in making the conveyance.   Smith v. Kernochen, 7 How., 198; Barney v. Baltimore City, 6 Wall., 280; Furnington v. Pillsbury, 114 U. S., 138; Crawford v. Neal, 144 U. S., 585.

5.   The court erred in peremptorily instructing the jury to find for the defendant, Ortiz, on his plea to the jurisdiction of the court, for the reason that the fraud plead is the basis of the jurisdiction, was an issue of fact, and should have been submitted to the jury.   McAfee v. Robertson, 41 Texas, 355; Heierman v. Robinson, 63 S. W. Rep., 657; Railway Co. v. Choate, 91 Texas, 406.

*Proctors* and *Beasley & Beasley,* for defendants in error.—1. Under the circumstances it can not be said that the plea of privilege of February 27 was not filed in the due order of pleading, nor that defendant had waived his right to be heard thereon, and on appeal it should be presumed that the plea was filed under leave of the court, and it should be held that objection to the plea on the ground that it does not show on its face that it was an amended plea and filed with leave of the court comes too late when urged for the first time in this court.   Connell v. Chandler, 11 Texas, 253; Horan v. Long, 11 Texas, 231; Haynes v. Rice, 33 Texas, 107; Langton v. Marshall, 59 Texas, 299.

2.   That a plea in abatement should be submitted to jury with case on merits, discretionary with court.   Harrel v. Hill, 15 Texas, 271; Tynburg v. Cohen, 67 Texas, 220; Pryor v. Jolly, 91 Texas, 89.

3.   Continuance under circumstances showing no intention of waiver does not constitute waiver.   Dorroh v. McKay, 56 S. W. Rep., 612; Behrens Drug Co. v. Hamilton, 92 Texas, 284; Aldridge v. Webb, 92 Texas, 122.

4.   The evidence conclusively showing that Skidmore did not transfer his entire cause of action against Ortiz to Leahy in good faith and for value, but that the transaction between the parties was simulated and concocted for the sole purpose of enabling the parties to sue Ortiz in Bee County, the court did not err in peremptorily instructing the jury. Christie v. Gunter, 26 Texas, 700; Taylor v. Sturgiss, 68 S. W. Rep., 538; Jones v. Austin, 26 S. W. Rep., 144, 38 S. W. Rep., 219.

FLY, ASSOCIATE JUSTICE.—This is a suit instituted by plaintiff in error against L. R. Ortiz and C. H. Skidmore to recover damages for the breach of a contract made between Ortiz and F. O. Skidmore & Sons, the firm consisting of F. O. Skidmore, R. O. Skidmore and C. H. Skidmore.   It was alleged that C. H. Skidmore had become the owner of the contract with Ortiz and had assigned the same to plaintiff in error. The suit was filed on October 14, 1901, and on February 11, 1902, Ortiz filed his plea of privilege to be sued in Webb County, pleading among other things that no one could be held liable for a breach of the contract

except himself and the transfer on the part of C. H. Skidmore of the claim against him to Leahy was for the purpose merely of obtaining jurisdiction of said Ortiz in Bee County, and that the transaction was fraudulent. The plea was properly verified by the affidavit of Ortiz. On February 25, 1902, Ortiz filed general and special exceptions and an answer to the merits. Fraud in the assignment of the contract to plaintiff in error was also set up. On February 26, exceptions to the plea of privilege were filed by plaintiff in error and on February 27, another plea of privilege, embodying practically the same things as were set out in the former plea of privilege, was filed by Ortiz. No exceptions were urged to the last plea. ·

The reason for filing two pleas of privilege is not apparent, but if the last plea took the place of the first, plaintiff in error did not except to it on the ground that it was filed too late and without objection went into a trial on the question of the verity of the plea. We think it is too late to raise that question.

The continuances of the case were made by the court in order that the question of fraud, raised by the plea of privilege, might be tried by a jury on the trial of the cause on its merits, and it was specially provided in the orders of the court granting the continuances that the plea of privilege should not be prejudiced thereby. It is clear that there was no intention to waive the plea of privilege. The matter was each time called to the attention of the court. (Aldridge v. Webb, 92 Texas, 122; Behrens Drug Co. v. Hamilton, 92 Texas, 284; Pryor v. Jolly, 91 Texas, 86.)

The court heard the facts on the plea of privilege and on the merits of the case and instructed the jury to find for plaintiff in error, as to C. H. Skidmore, for one thousand dollars with interest, and to return a verdict for L. R. Ortiz on his plea in abatement to the jurisdiction of the court. It is claimed that the instruction on the question of fraud as to the jurisdiction over the person of Ortiz should have been submitted to the jury and a solution of that matter will require at least a brief consideration of the facts.

The written contract between Ortiz and the Skidmores was that Ortiz should send 2,000 head of cattle to Elgin, Kansas, where the Skidmores agreed to furnish pasturage for them at the rate of one dollar and twenty-five cents per head for all over one year old, and twenty-five cents per head for calves. The Skidmores claim that the pasturage was ready, but Ortiz refused to ship the cattle to the pastures. The contract was sold to C. H. Skidmore, who sued Ortiz in Webb County for damages for breach of contract. That suit was dismissed. Both C. H. Skidmore and Leahy swore that the former was indebted to the latter in the sum of one thousand dollars, and a written transfer of the contract dated September 2, 1901, was made by Skidmore to Leahy in which the consideration for the transfer was stated to be the cancellation and surrender of a note executed by F. O. and R. O. Skidmore to Leahy for $1,000, the payment of which had been assumed by C. H. Skidmore. C. H. Skidmore in the assignment to Leahy gave a guarantee of the payment of at least $1,000 on the claim against Ortiz. According to the testimony of C. H. Skidmore, Duval West, Esq., of San Antonio, acted as attorney for himself and Leahy in arranging the transfer of the con-

tract, and the assignment was delivered by Skidmore to West for Leahy. The latter and Skidmore did not meet and had no negotiations in regard to the assignment, the whole matter being attended to by West, who afterwards filed the suit for Leahy in Bee County. It was admitted by C. H. Skidmore that the suit was dismissed in Webb County because he did not believe he could recover against Ortiz there, and that the assignment was made to Leahy, not only to secure his debt but also that suit might be brought in Bee County by joining him with Ortiz. He said: "I dismissed my suit over there and made this contract so he could sue me down here."

In order to justify the peremptory instruction of the trial court, on the matter of jurisdiction, the facts should have shown, without contradiction that Skidmore did not owe Leahy any sum of money, and that the sole object of the assignment of the contract to the latter was to concoct a scheme by which Ortiz might be sued out of the county of his residence. If the testimony tended to show that Leahy in good faith cancelled a promissory note for one thousand dollars, that was justly due him by the Skidmores, in consideration of the transfer of the contract with Ortiz to him, and the guarantee of its payment by Skidmore to the extent of the debt, the suit could be instituted in Bee County and it would not matter that it was the intent of both parties, in addition to securing the debt, to obtain jurisdiction of Ortiz in that county. (Smith v. Kernochen, 7 How., 198; Barney v. Baltimore, 6 Wall., 280; Furnington v. Pillsbury, 114 U. S., 138; Crawford v. Neal, 144 U. S., 585; McDonald v. Smalley, 1 Peters, 620.)

In the case last cited, a citizen of Ohio, fearing that a title held by him in that State could not be maintained in the State Courts, and being indebted to a citizen of Alabama, sold the land to the citizen of Alabama with the understanding that the latter should reconvey the land upon payment of the debt. The citizen of Alabama instituted suit in a Federal Court for the land, and it was shown that it was the avowed purpose of the man who instituted the suit, as well as of the vendor of the land, not only to secure the debt, but to secure by the transfer jurisdiction of the cause by the Federal Courts. The Supreme Court, through Chief Justice Marshall, said: "The motives which induced him to make the contract whether justifiable or censurable, can have no influence on its validity. They were such as had sufficient influence with himself, and he had a right to act on them. A court can not enter into them, when deciding on its jurisdiction. The conveyance appears to be a real transaction, and the real as well as nominal parties to the suit, are citizens of different States."

In the case of Smith v. Kernochen, above cited, a mortgagee, who resided in the same State with the mortgagor, transferred the debt and mortgage to the citizen of another State, who instituted suit against the mortgagor in a Federal Court. It was held: "For, even assuming that both parties concurred in the motive alleged, the assignment of the mortgage, having been properly executed and founded upon a valuable consideration, passed the title and interest of the company to the plaintiff. The motive imputed could not effect the validity of the consequence. . . . The true and only ground of objection in all these cases is, that the assignor, or grantor, as the case may be, is the real

party in the suit, and the plaintiff on the record but nominal and colorable, his name being used merely for the purpose of jurisdiction."

The same doctrine has been announced by the Appellate Courts of Texas. (Christie v. Gunter, 26 Texas, 700; Anderson v. Bank, 86 Texas, 618; Turner v. Brooks, 2 Texas Civ. App., 451; Bergstrom v. Bruns, 24 S. W. Rep., 1098; Lyons v. Daugherty, 26 S. W. Rep., 146; Cleveland v. Campbell, 38 S. W. Rep., 219.)

In the case of Christie v. Gunter, above cited, a note executed by Gunter to James N. Brown was indorsed by the latter to Christie, and he instituted suit against the maker and indorser in Wood County. The maker, Gunter, lived in Rusk County and alleged the fraudulent transfer of the note by Brown to give jurisdiction to the District Court of Wood County. The Supreme Court said: "It was assigned to enable the assignor to apply its proceeds in payment of a debt due from him to the assignee. This was a legitimate purpose, and it can not be urged as an objection to the validity of the assignment that it enabled the holder of the note to sue in the county of his residence; or that the privilege it conferred thus to sue was a motive for making the assignment, since it was made *bona fide* for a sufficient consideration."

The fact that the whole of the damages that might be obtained on account of the breach of the contract were not transferred by the assignment to plaintiff in error would not prevent him from instituting the suit against both the maker and guarantor. In the case of McDonald v. Smalley it is held that although the deed given to the land was in reality a mortgage, and the land was of value largely in excess of the amount of the debt for which it had been conveyed that the vendee could still bring the suit.

The only questions in this case are, Did C. H. Skidmore actually owe plaintiff in error the sum of one thousand dollars, and was the transfer of the claim against Ortiz made to secure that debt? These were questions of fact to be determined by the jury and under the evidence in this case it was error for the court to deprive the jury of their right to pass upon the testimony.

It does not matter that plaintiff in error may not have known of the transfer of the contract until after it had been consummated, if he afterwards accepted its benefits and authorized the suit on it, that was sufficient.

The ninth and tenth assignments of error complain of the exclusion of the evidence of plaintiff in error as to how F. O. Skidmore and Sons became indebted to him, and as to the agreement between plaintiff in error and C. H. Skidmore in regard to the cancellation of the $1,000 note. The evidence was competent and proper as tending to show the *bona fides* of the transaction between the parties.

C. H. Skidmore having guaranteed the payment of one thousand dollars of the claim against Ortiz was a proper party to the suit, and the suit could have been brought, under the statutes, either in Webb or Bee County. (Turner v. Brooks, Bergstrom v. Bruns, and Cleveland v. Campbell, above cited.)

The judgment is reversed and the cause remanded.

*Reversed and remanded.*