PINK FRONT BANKRUPT STORE v. G. A. MISTROT & COMPANY.

Decided October 28, 1905.

**1.—Evidence—Receipt of Check Sent by Mail.**

Evidence that a check was made out by a debtor the day before an account was due and was enclosed in an envelope with his return card thereon and addressed to the creditor, and that same was then duly stamped and mailed, was sufficient to raise the issue of the receipt of the check by the creditor and its acceptance or his negligent failure to collect or return it.

**2.—Same—Presumptions—Circumstantial Proof.**

The rule forbidding the piling of one presumption upon another does not forbid the legal inferences and presumptions which may arise from a fact established alone by circumstances.

**3.—Same—Negligence—Creditor's Liability.**

Although the receipt of the check was proved by circumstantial evidence, the debtor could further show negligence on the part of the creditor rendering him liable for resulting loss by evidence that the check was neither returned nor presented to the bank for collection, and that the bank, which would have paid it, failed shortly thereafter.

**4.—Waiver of Claim—Bankruptcy.**

Where, through plaintiff's neglect to present and collect a check on a bank prior to the bank's failure, defendant lost the amount of the check, the presentment by defendant of a claim for his deposit to the trustee in bankruptcy of the bank did not constitute a waiver of his claim against plaintiff for the loss resulting from such negligence.

Appeal from the County Court of Cherokee. Tried below before Hon. James P. Gibson.

*Guinn, Norman & Guinn* and *W. H. Shook,* for appellant.—The evidence in this case tending strongly to show that plaintiffs had received a check from defendants, and that the same would have been paid if presented to the bank on which it was drawn in a reasonable time, and that the same was not presented, and the bank failed, causing a loss to the defendants, it was error not to submit the issue of whether a check had been received, and whether the plaintiffs had been negligent in not presenting the same for payment. 5 Am. & Eng. Enc. Law, 1041; Life Ins. Co. v. Fields, 26 S. W. Rep., 280; Lewis v. Commercial Nat.

Bank of Nacogdoches, 11 Texas Ct. Rep., 446; Curtis & Co. v. Douglas & Glass, 79 Texas, 167; Hubbard & Gray v. Petty, 11 Texas Ct. Rep., 629; Life Ins. Co. v. Berwald, 72 S. W. Rep., 436; International & G. N. Ry. v. Davis, 11 Texas Ct. Rep., 952.

*Willson, Box & Watkins,* for appellees.—It is not permissible to go into the domain of conjecture and pile one presumption upon another. Railway Co. v. Porter, 73 Texas, 307; Texas & P. Coal Co. v. Manning, 78 S. W. Rep., 545; Manning v. Insurance Co., 100 U. S., 695; 25 Law Ed., 761; United States v. Ross, 92 U. S., 281, 23 Law Ed., 707; 19 Am. & Eng. Enc. of Law, 1st ed., p. 39.

GILL, CHIEF JUSTICE.—G. A. Mistrot & Co., of Houston, Texas, sued a concern styled the Pink Front Bankrupt Store to recover $231.36 on open account. The defendant admitted the correctness of the account, but pleaded in offset and defense to all of the account, except $69 (which it paid after the institution of this suit), that it had mailed a check to plaintiff in full of the account; that plaintiff received it, but negligently failed to present it to the bank for payment or to return it to defendant within a reasonable time, whereby and on account of the failure of the bank later on, defendant lost the sum of $166.82. The prayer is that this sum be offset against the balance of the claim of the plaintiff. The court, after hearing the proof, instructed a verdict for plaintiffs, and of that instruction the defendant here complains.

That the defendant was indebted to the plaintiff in the sum of $231.36 is not disputed. The defendants were doing business with C. N. Fleager & Co.'s bank at Jacksonville, in Cherokee County. They maintained a deposit there, and had an arrangement with the bank by which an overdraft would be allowed to the extent of $500. Plaintiff's account was due December 28, 1902, and according to the testimony relied on by appellant the check was mailed at Jacksonville, Texas, on the 27th of December, 1902, and should have reached plaintiffs at Houston on December 28, by due course of mail. There was evidence tending to show that the bank would have paid the check in full if it had been presented at any time before January 17, 1903, and it is undisputed that on that day, which was the date of its suspension, the defendant had to its credit there $166.82.

Plaintiffs denied that the check had ever reached them, and controverted the allegation that it had ever been issued or mailed, but the defendants' evidence presents the issue, and it should have been properly submitted to the jury. Appellee's counsel contend that the evidence does not present the issue, but their objections go rather to its credibility and force than to the question made.

Defendant's general manager testified that he made out the check on December 27, 1902, enclosed it in an envelope with the concern's return card thereon, addressed it to appellee at Houston and stamped and mailed it. Testimony was adduced to the effect that while it had been the custom of plaintiffs to send statements of their accounts on the first of each month, and while thereafter they sent statements covering other dealings with defendant, they did not send a statement covering this account until after the failure of the bank. This is con-

troverted, but is immaterial to this appeal, as there was an instructed verdict.

To hold that such evidence is sufficient to raise the issue of the receipt of the check by plaintiffs and its acceptance or negligent failure to collect or return it, is not permitting one presumption to be piled upon another, but is simply permitting the establishment of such issues by circumstantial evidence. Shiflet v. Railway Co., 18 Texas Civ. App., 57, 44 S. W. Rep., 918; Washington v. Railway Co., 90 Texas, 320; Railway v. Porter, 73 Texas, 307. Nor was it necessary to show an acceptance or an undertaking to collect and credit. It was enough, to the end that the issue might be presented, to show prima facie that the check reached Mistrot & Co. on or about December 28, 1902, and was neither presented nor returned, though the bank continued in business for twenty days thereafter, and the time required for mail communication between the two points was less than a day. Can it be seriously questioned that if defendant's proof on the point had stood without opposing evidence it would have presented every issue necessary to the establishment of liability on the part of plaintiff?

Plaintiff is equally in error in the contention that defendant, by presenting a claim for its deposit to the trustee of the bankrupt bank, waived its claim against plaintiffs. Defendant's claim against the plaintiffs does not rest upon the theory that the mailing of the check was an assignment pro tanto of the funds in the bank, or that the naked check for any reason operated as a discharge of the account. The fund in the bank belonged to defendants until withdrawn by the presentation of the check, hence they properly filed their claim in bankruptcy. They pleaded in this suit in reconvention for damages which they claim resulted from the failure of plaintiffs to discharge their duty in the matter of the check. Had there been no resultant damage there could be no valid claim.

From what has been said it follows that the judgment can not stand. We do not deem it proper to comment upon the facts. For the reasons given, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

Counsel for appellees adroitly, and with much force, present the contention that the conclusion we have reached is violative of the rule which forbids "the piling of one presumption upon another." They put the matter in this way. The liability of appellees depended upon proof (1) of their receipt of the check, and (2) upon its acceptance by them, or else an undertaking by them to collect it. That the receipt of the check, if proved at all, was established by circumstantial evidence, and, as there was no direct proof either of acceptance or an undertaking to collect, these facts could alone be inferred, either entirely or in part, from the fact that the check had actually reached them.

If the proposition is sound, then the proof of the receipt of the check becomes valueless to the appellants, for it is not conceivable that any other circumstance could be adduced tending to show acceptance which would not depend to some extent on the receipt of the check, or else

establish it in an independent way which would, of course, include the receipt of the check. The vice in the proposition does not clearly appear at a mere glance, but upon analysis its unsoundness becomes apparent.

While the rule recognized in Railway v. Porter (73 Texas, 304) and kindred cases undoubtedly prevails, it does not forbid the legal inferences and presumptions which may arise from a fact established alone by circumstances. Thus, if by circumstantial evidence alone a man is shown to be the master of a servant, the reciprocal duties and responsibilities imposed by law upon that relation apply without any further showing. So, in this case, when it is established by circumstances that the check reached appellees, the law at once imposed upon them the duties which arose out of their new relation to the appellant. These duties were either to use due diligence to collect the check or to promptly advise appellants that they would not undertake it.

The issue as to whether the check was received was presented by the circumstances, and, if found in favor of appellant, the law imposed the obligations which arose upon this fact. The issue of failure to discharge these obligations was presented by other and independent circumstances. The case of Curtis & Co. v. Douglass (79 Texas, 167) is very much in point. In that case the liability for the draft depended upon the date of its receipt, and that fact was established wholly by the date of mailing. The motion for rehearing is overruled.

*Overruled.*