JOHNSON et al. v. WAGGONER et al.
(No. 7661.)

(Court of Civil Appeals of Texas. Dallas. Dec. 16, 1916.)

1. APPEAL AND ERROR ⚫⇒933(1) — SCOPE — PRESUMPTIONS.

Where at a regular term of court the case was called for trial, and one defendant was absent, and his plea of privilege to be sued in the county of his residence was overruled and judgment rendered, but on the following day motion for new trial was filed on the ground that counsel believed the case would be called on the day following that on which it was called, with sufficient grounds for such belief, and on appeal neither the transcript nor the statement of facts disclosed the action of the court, but the record disclosed subsequent proceedings, including a final judgment, the court will assume that the motion was sustained.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3772; Dec. Dig. ⚫⇒933(1).]

2. PLEADING ⚫⇒110—ACTION IN COUNTY OF DEFENDANT'S RESIDENCE — PLEA OF PRIVILEGE—WAIVER.

In such case the defendant who entered the plea of privilege did not waive it by his absence.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 231–233; Dec. Dig. ⚫⇒110.]

3. PLEADING ⚫⇒110—ACTION IN COUNTY OF DEFENDANT'S RESIDENCE—PLEA OF PRIVILEGE—WAIVER.

In such case, though the defendant filed his motion for new trial on the order overruling plea of privilege without reserving his right to insist thereon if the motion were granted, he did not waive such plea, since in a motion for new trial the applicant need not assert that all pleas to the merits are subject to the action of the court upon his privilege plea.

[Ed. Note.—For other cases, ese Pleading, Cent. Dig. §§ 231–233; Dec. Dig. ⚫⇒110.]

4. PLEADING ⚫⇒110—ACTION IN COUNTY OF DEFENDANT'S RESIDENCE — PLEA OF PRIVILEGE—WAIVER.

In such case, where frequent continuances were granted over the defendant's objection, the continuances being granted without prejudice to his plea save that of privilege, he did not waive the plea of privilege.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 231–233; Dec. Dig. ⚫⇒110.]

Appeal from Kaufman County Court; James A. Cooley, Judge.

Action by J. A. Johnson and others against the Automatic Music Company and D. E. Waggoner, wherein Waggoner filed a plea of privilege of being sued in another county. From an order sustaining his plea and changing the venue, plaintiffs appeal. Affirmed.

Bumpass & Crumbaugh, of Terrell, for appellants. Lee R. Stroud, of Kaufman, for appellees.

RASBURY, J. Appellants initially sued the appellee Automatic Music Company to cancel certain promissory notes and for damages. Subsequently appellants amended their petition and made appellee Waggoner, who it was alleged had the notes in his possession, a party to the suit. Waggoner, among other matters, filed a plea asserting his privilege of being sued in the county of his residence, which was alleged to be Dallas county. This plea was ultimately sustained, and the venue of the suit changed to Dallas county. The action of the trial court in that respect is the only issue presented on appeal. There is in the record an agreed statement of the facts which form the basis of the court's action. We will not undertake a detailed statement thereof, but state such of them, while considering the issue, as may be necessary to an intelligent consideration thereof.

[1] The first contention, in effect, is that the plea was erroneously sustained, for the reason that at a former term of court, when the case was called for trial, appellee Waggoner failed to present himself and insist upon his plea, whereupon the court overruled same, and as a consequence the plea was waived. The facts in support of the issue thus presented are that at a regular term of court the case was called for trial, and whereupon, appellee Waggoner not being present, the court overruled the plea of privilege and rendered judgment against all of the appellees as prayed. On the following day appellees filed motion for a new trial both as to the order overruling the plea of privilege as well as to the judgment on the merits. The first ground of the motion is that appellees and their counsel believed the case would be called on the day following the day on which it actually was called, accompanied with a full statement of the facts and circumstances on which they based such belief. The second and third ground is that the court was without jurisdiction as to appellee Waggoner, reciting the facts forming the basis of the contention. The other grounds had reference to the defense of all on the merits. Neither the transcript nor the statement of facts disclose the action of the court on such motion. The record does, however, disclose subsequent proceedings in the case, including the final judgment from which this appeal is taken, and we will, as does counsel, assume that the court sustained the motion and set aside the judgment.

[2] The effect of the action of the court in granting the motion for new trial was to reinstate the cause in the precise position it occupied before the order was entered. The fact that appellee was not present when the order was entered cannot serve as a basis for holding that, being so absent, he waived his plea. Appellee was not present in court, it is true, but the reason was that he believed the case would be heard the day following. The court considered he had good basis for his belief or the new trial would not have been granted. Certainly it cannot then be said that, when the case was called in advance of the setting and the plea overruled, appellee waived it. Before he could be held to have waived the plea it should at least appear that he had an opportunity to present same, or, having the opportunity, negligently failed

to do so. Here appellee had neither opportunity to present nor occasion to waive it, due to the misunderstanding in reference to the setting of the case.

[3] The next contention is, in substance, that when appellee filed his motion for new trial on the order overruling his plea of privilege, without reserving his right to insist thereon in the case the motion was granted, thereby waived it. We have in discussing the first issue presented by appellant stated the substance of the motion for new trial, which was that the case was heard on a day other than the one appellee understood it would be heard, and hence the absence of himself and counsel, that the court was without jurisdiction, and then a statement of his defenses on the merits followed by prayer for new trial. We conclude that in a motion for new trial it is not necessary for the applicant to assert, as he does in case of pleading before trial, that all pleas to the merits are subject to the action of the court upon his plea setting up his privilege to be sued in another county. The motion for new trial serves to point out the alleged errors at the trial, and we know of no reason why the applicant may not follow any order he deems convenient in that respect. The question of the order of pleading is settled long anterior to the filing of the motion for new trial, and whether there has been due order of pleading must be determined by an inspection of the pleading rather than the order in which the pleading is referred to in motion for new trial. Further, as we construe the holding in Wolf v. Sahm, 55 Tex. Civ. App. 564, 120 S. W. 1114, 121 S. W. 561, cited by appellant, it decides the precise question adversely to the contention here.

[4] It is next urged that the plea of privilege was waived by appellee in not reserving his right to thereafter insist on the same at a term of court when the case was continued upon application of appellant and over the objections of appellee. The facts upon which this issue is based are that at the September term of court, after appellee's motion for new trial had been granted, the case was called for trial, and appellant sought a continuance of the case, which appellee Waggoner contested. The application was granted. Appellee Waggoner did not, when the case was so continued, over his objections, reserve the right thereafter to insist on his plea of privilege. It does appear, however, that appellee was made a party to the suit in June, 1914, and at each continuance thereafter, so the statement of facts recites, the case was continued without prejudice to his plea, save the one which he contested. The case had in the meanwhile been placed upon the jury docket. Under the facts stated we conclude as an original question that such a continuance would not be a waiver of appellee's plea of privilege, since it would, in our opinion, be illogical to hold that one who contests the action of the court in continuing his plea of privilege had consented thereto, and hence waived it. However, the issue has on other grounds been decided adversely to appellant. Dorroh v. McKay, 56 S. W. 611. There it is said, on authority of Aldridge v. Webb, 92 Tex. 122, 46 S. W. 224, that the purpose of article 1910, Vernon's Sayles' Civ. Stats., which requires all dilatory pleas to be determined during the term at which they are filed, is to call the attention of the court to the plea in order to enable the court in the expedition of business, to dispose of it before trial upon the merits, and hence the party presenting the plea was obliged to bring the plea to the attention of the court at the first term of court. The court then holds that, when the plea is called to the attention of the court at the first term thereof, as was done in the instant case, and continued with the consent of the court or otherwise, later continuances of the case is not a waiver, since, when the plea is called to the attention of the court, and he fails to dispose of it, he does so on the ground that expedition will in no way be hindered by passing it until the trial upon the merits. Such a presumption here is clearly to be indulged when it is considered that both the facts of the plea, as well as the merits, were to be determined by jury, and could not be separated.

The judgment is affirmed.