**BOX v. DEMING INV. CO.  (No. 6975.)**

(Court of Civil Appeals of Texas. Austin. April 14, 1926. Rehearing Denied April 28, 1926.)

**Pleading** ⬤�得111.

Unless contest of plea of privilege is filed during term at which plea is filed, and in time to be determined at term, court's business permitting, the court loses jurisdiction except to transfer case.

Appeal from District Court, ·Tom Green County; J. F. Sutton, Judge.

Action by John R. Box against the Deming Investment Company. From a judgment sustaining defendant's plea of privilege, plaintiff appeals. Affirmed.

Collins & Jackson, of San Angelo, for appellant.

Read, Lowrance & Bates, of Dallas, for appellee.

BLAIR, J. The only question on this appeal is whether the appellant waived and surrendered his right to contest the appellee's plea of privilege by failing to file a controverting affidavit or contest thereof, and having the same set down for hearing and disposition at the term of the court to which the plea was filed. The facts show that the plea of privilege was filed at the March term, 1925, which was a ten-week term. It was filed after a motion to transfer the cause to the federal court had been overruled and before appellant had in any manner attempted to further prosecute his suit. The term to which it was filed continued more than two months thereafter. The case was continued by operation of law at adjournment. The next term of court convened May 11, 1925, at which time appellee urged the court to transfer the case; no contest or controverting affidavit to its plea of privilege having been filed. This was called to appellant's attention, and on May 15, 1925, he filed a controverting affidavit in due form to the plea of privilege; but the trial judge refused to consider it because it had not been filed at the first term of court to which the plea of privilege was filed, on the theory that his court had lost jurisdiction under authority of Davis v. Southland Cotton Oil Co. (Tex. Civ. App.) 259 S. W. 298, in which case the Dallas Court of Civil Appeals held that, unless the contest of the plea of privilege is filed at the term of court and in time to have it disposed of at that term, if the business of the court will permit, the court in which the suit is filed loses jurisdiction of the case, and has no further authority or power over it, except to transfer in accordance with the prayer of the plea.

Appellant's counsel admits that that case disposes of the question against the contention here made, but contends that it does not correctly declare the law, for the reason that appellant should have been allowed to file his contest of the plea of privilege at any time before the court had made a final order transferring the case. We are of the opinion that the Court of Civil Appeals at Dallas has correctly disposed of this question, and we find it unnecessary to go into an extensive discussion of it, but cite that case

as authority for our decision. We also cite as bearing upon this question the following authorities: Craig v. Pittman (Tex. Com. App.) 250 S. W. 667; Shumacher v. Dolive, 112 Tex. 564, 250 S. W. 673; Henry v. Henry, 113 Tex. 124, 251 S. W. 1038; Krueger v. Waugh (Tex. Civ. App.) 261 S. W. 196; Russell Grader Mfg. Co. v. McMillin (Tex. Civ. App.) 271 S. W. 124; Green v. Brown (Tex. Civ. App.) 271 S. W. 394; Revised Statutes 1911, arts. 1910 and 1903; and district court rule 24.

Appellant contends, however, that the case of Davis v. Southland Cotton Oil Co., supra, is in direct conflict with the case of Witt v. Stith (Tex. Civ. App.) 212 S. W. 673, by this court. In the Stith Case this court reversed and remanded the case for the reason that Stith filed only a demurrer to the plea of privilege, and permitted him to amend his pleadings to comply with the 1917 amendment of the statute relating to the contest of a plea of privilege. Though the opinion in that case does not show any extenuating circumstances or equities moving the court to allow the plaintiff Stith an opportunity to controvert the privilege in statutory manner and form, they did, however, exist, for the reason that Stith, who was an attorney and who represented himself in the cause had become very ill.

There are no extenuating circumstances or equities in this cause which would entitle this court to go into a consideration of whether a contest of a plea of privilege might under certain circumstances be filed to a succeeding term of the court.

The judgment of the trial court will be affirmed.

Affirmed.