## BURCH INV. CO. v. HASSEN.
### No. 1095.

Court of Civil Appeals of Texas. Eastland.
March 31, 1933.

Tom B. Ridgell, of Breckenridge, for appellant.

L. H. Welch, of Breckenridge, for appellee.

HICKMAN, Chief Justice.

On December 7, 1931, appellant instituted suit in the county court against appellee for an amount within the jurisdiction of that court alleged to be owing on a rental contract. The next term of court convened on the 4th day of January, 1932. On December 21, 1931, appellee filed his plea of privilege in statutory form to be sued in Eastland county. On January 6, 1932, appellant filed its controverting plea. It did not call the court's attention to the filing of this plea, and no notice was ever issued to appellant of a hearing to be had thereon. No orders of any character are shown in the record until April 22d, a day of the March term of court, on

which date a judgment was entered decreeing that appellee had waived his plea of privilege, and awarding to appellant a recovery on the merits, in accordance with its petition. On the same day this judgment was rendered appellee filed his motion to vacate same and transfer the cause to Eastland county on his plea of privilege. This motion was heard on April 30th, the last day of the March term of the court, and an order entered setting aside the judgment of April 22d, and transferring the cause, on appellee's plea of privilege, to Eastland county. From this last order this appeal was prosecuted.

The order recites that appellant failed to call the court's attention to the controverting plea, and failed to have notice issued and served on appellee or to have its plea disposed of at the January-February term of court, and further recites that no showing was made by appellant that same could not have been disposed of at said term.

The order entered by the trial court was the only one which it had jurisdiction to enter. Bundrant v. Woodley (Tex. Civ. App.) 32 S.W.(2d) 664; Austin Bridge Co. v. Wren (Tex. Civ. App.) 297 S. W. 654; Box v. Deming Inv. Co. (Tex. Civ. App.) 286 S. W. 956; Davis v. Southland Cotton Oil Co. (Tex. Civ. App.) 259 S. W. 298; Brashears v. Strawn National Bank (Tex. Civ. App.) 57 S.W.(2d) 177.

The judgment of the trial court will be affirmed.