## GREGG v. DE SHONG.

No. 13555.

Court of Civil Appeals of Texas. Fort Worth.

May 28, 1937.

Rehearing Denied July 2, 1937.

Benson & Benson, of Bowie, and C. T. Gettys and Nolen L. Sewell, both of Decatur, for appellant.

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, for appellee.

DUNKLIN, Chief Justice.

This suit grew out of a collision between a Ford automobile owned and driven by Marvin Gregg and a motor freight truck on the state highway at the outer edge of the town of Alvord, in Wise county. As a result of the collision the automobile was demolished and Gregg sustained severe personal injuries, for which he sought damages against Pete De Shong, the defendant. It was alleged that the defendant was the owner of the truck which, at the time of the accident, was being driven by one of his employees in the discharge of the duties of his employment; that the collision resulted from the negligence of the driver of the truck, which was the proximate cause of the collision and the resulting consequences noted.

Plaintiff alleged that the name of the truck driver was unknown to him but well known to the defendant.

According to allegations in the petition, the accident occurred after dark about 9:30 o'clock on October 13, 1934, while he was driving his automobile on the main highway running between the towns of Alvord and Decatur, at a rate of speed of about ten or twelve miles per hour; that he was on the right side of the highway; and that his car was run into by the truck coming in an opposite direction from plaintiff at a high rate of speed and while being driven on the wrong side of the highway, although there was ample room for the truck to pass plaintiff's car without colliding with it.

According to further allegations, as a result of the collision the left side of plaintiff's automobile was crushed, broken, and driven back against him, resulting in serious and painful injuries to his arm, wrist and shoulders, and other portions of his body, on account of which he was confined in the hospital for treatment for a long while, incurring much expense incident thereto.

Testimony showed without contradiction that Pete De Shong operated a line of trucks in the transportation of freight between the towns of Amarillo and Dallas and the place where the collision occurred was on that line. Plaintiff testified that he did not know the driver of the truck that collided with his car and had been unable to discover his name and whereabouts. He introduced testimony sufficient to support his allegations as to how the collision occurred, the injuries sustained by him as the result of the collision, and the negligence of the driver of the truck, which was the proximate cause of those injuries.

According to testimony introduced by plaintiff, the truck in controversy had the name "Pete De Shong" printed on the sides or front in the same way as all other trucks owned and used by the defendant on that line, and he relied upon those facts, in connection with testimony of defendant's truck drivers hereinafter noted, to show defendant's ownership of that truck, and to support his allegations that its driver was an employee of the defendant engaged in performing the duties of his employment at the time of the collision.

J. L. Pate testified for the defendant that he was traffic manager in charge of all operations of defendant's trucks between Dallas and Amarillo, and that

from defendant's purchase records and invoices the only trucks used by the defendant on or prior to October 12, 13, and 14, 1934, were numbered from 1 to 24, inclusive. Other witnesses testified to the same effect.

Defendant then introduced testimony of other witnesses and office records made of the movements of all the trucks then in use on the line of traffic between Dallas and Amarillo, showing the times of departure and arrival of different trucks at different times at Dallas and Amarillo, and several stations intervening between those two towns. Those trucks were numbered 2, 8, 10, 12, 13, 20, 22, inclusive. The testimony showed that all other trucks owned by defendant at the time were used for pick-up traffic around Amarillo or in other lines of traffic between Amarillo and points in Oklahoma. It is sufficient to say that according to the testimony so offered none of the trucks in use between Amarillo and Dallas were at the place of collision at the time it occurred.

On cross-examination by counsel for plaintiff of witness J. L. Pate, defendant's traffic manager, he testified that defendant had owned and sold three other trucks of like description with the name of Pete De Shong printed on the sides or front, and witness did not know the names of the purchasers or what had become of those trucks and no testimony was offered by plaintiff bearing on that point.

At the conclusion of the evidence, the court sustained defendant's motion for an instructed verdict in his favor, and this appeal has been prosecuted by the plaintiff from a judgment based upon the verdict returned in obedience to that instruction.

The controlling question in controversy on this appeal is whether or not plaintiff made out a prima facie case of negligence of the defendant entitling him to a submission of that issue to the jury.

The case of Mrs. Baird's Bakery v. Davis (Tex.Civ.App.) 54 S.W.(2d) 1031, 1032, was a suit by appellee Davis against appellant for damages for personal injuries sustained by him in a collision with a motortruck alleged to belong to appellant and brought about by the negligence of the driver who was appellant's agent and in the discharge of the duties of his employment at the time. The only evidence introduced to establish such agency was the lettering "Mrs. Baird's Bakery" on the cab of the truck. Appellant offered no testimony to rebut the inference of such agency. We quote the following from the opinion of Chief Justice Conner in that case:

"The jury are authorized to draw all lawful conclusions from facts proven in the effort to arrive at a verdict, and, when it is considered that designation of the names shown upon commercial trucks are familiar and generally indicate ownership, and when it is further considered that the truck at the time was being driven during business hours and in trade territory, and also that the defendant, in whose breast rests the actual knowledge of the truck's ownership and its mission, refuses to testify, deny, or disprove the legitimate inferences to be drawn from the name and signs shown, we are not prepared to say that prima facie evidence at least was presented, and hence the court was required to submit the issue to the jury and properly refused the peremptory instruction.

"In the case of Globe Laundry v. McLean, 19 S.W.(2d) 94, it was held by the Beaumont Court of Civil Appeals that testimony that defendant's insignia was printed on the truck striking the plaintiff, when uncontradicted and unexplained by defendant, was sufficient to raise the inference that defendant owned the truck and that it was being operated by one of its servants in the ordinary discharge of his employment. See, also, Rosenthal Dry Goods Co. v. Hillebrandt (Tex.Civ.App.) 299 S.W. 665; Oil Belt Power Co. v. Touchstone (Tex.Civ.App.) 266 S.W. 432, loc. cit. 440; Barron v. Texas Employers' Ins. Ass'n (Tex.Com.App.) 36 S.W.(2d) 464, loc.cit. 467."

A like conclusion under similar facts was announced in the following cases: Claer v. Oliver (Tex.Civ.App.) 62 S.W.(2d) 354, 355; Harper v. Highway Motor Freight Lines (Tex.Civ.App.) 89 S.W.(2d) 448.

In Globe Laundry v. McLean (Tex.Civ.App.) 19 S.W.(2d) 94, 95, this excerpt is quoted from Howell v. Mandelbaum & Sons, 160 Iowa, 119, 140 N.W. 397, Ann.Cas.1915D, 349: "If, however, the name of the defendant was painted on the wagon, as testified by the witness on cross-examination, it was to be inferred that the wagon belonged to de-

fendant and the driver was handling the rig on its account. From identity of names identity of persons or corporations is to be inferred, and the wagon was such a one as retail merchants make use of in the transaction of their business. It is improbable that other than the owner would inscribe his name on a delivery wagon, and, as the wagon was one appropriate to defendant's business, a prima facie case was made out by this proof. The name on tools or vehicles and articles generally is commonly accepted as indicating ownership, and, though not of much probative weight, it is enough, in the absence to the contrary, to carry the issue to the jury. This rule is not unreasonable, for, if the inference is not correct, no one ordinarily is in a better situation to establish the fact than the party so named."

As noted in those cases, the defendant failed to introduce evidence to rebut the inference of agency arising from evidence of ownership of the vehicle.

In his brief here appellee concedes the soundness of the foregoing decisions in the absence of any evidence rebutting the inference arising from testimony offered by plaintiff in the first instance, but insists that the evidence introduced by him conclusively destroyed the inference relied on by appellee that at the time of the collision the truck was being operated by one of his employees and while in the discharge of the duties of his employment.

Houston News Co. v. Shavers (Tex. Civ.App.) 64 S.W.(2d) 384, 386 (writ of error refused), was a suit by Shavers against the News Company to recover damages for negligence of the driver of an automobile causing a collision resulting in injury to plaintiff. The evidence showed that defendant owned the vehicle in question and that it was being operated by its employee at the time of the collision. Those facts were relied on to support the inference of the further fact that at the time of the accident the servant was acting within the scope of his employment, notwithstanding the positive and direct testimony of the driver and the defendant to the contrary. With reference to the inference or presumption invoked by plaintiff in that case, the court said: "The evidence is wholly insufficient to establish that he was engaged in his master's business at the time of said collision. Evidence that the truck with which the injury was committed belonged to the news company and that it was being driven by one regularly in its employment, in the absence of evidence to the contrary, raised a presumption that such servant was engaged in the news company's business at the time of such collision. Studebaker Bros. Co. v. Kitts (Tex.Civ.App.) 152 S.W. 464. This, however, is a mere rule of procedure and the presumption vanishes when positive evidence to the contrary is introduced. The presumption grows out of the fact that not infrequently the evidence necessary to establish the character of the mission in which the servant was engaged is exclusively within the possession of the defendant. The effect of the rule is to 'smoke out' the defendant and to compel him to disclose the true facts within his knowledge. When, however, he discloses the true facts within his possession and such evidence is positive to the effect that the servant was not engaged in the master's business at the time of the injury, the presumption is nullified and the burden is then upon the plaintiff to produce other evidence or his cause fails. Bond v. St. Louis-San Francisco R. Co., 315 Mo. 987, 288 S.W. 777; Murphy v. Tumbrink (Mo.App.) 25 S.W.(2d) 133; Caswell v. Maplewood Garage, 84 N.H. 241, 149 A. 746, 73 A.L.R. 433. In this case the defendants made a clean and clear disclosure of all of the evidence apparently within their possession. All those who presumably would know the facts were introduced as witnesses. All of the evidence so introduced was positive to the effect that the servant at the time of the collision was engaged in a mission purely his own."

Other authorities to a like effect are cited and relied on by appellee, such as Caswell v. Maplewood Garage, 84 N.H. 241, 149 A. 746, 73 A.L.R. 433, by the Supreme Court of New Hampshire; Texas News Co. v. Lake (Tex.Civ.App.) 58 S.W.(2d) 1044 (writ of error dismissed); Langford v. El Paso Baking Co. (Tex.Civ.App.) 1 S.W.(2d) 476 (writ dismissed); Harper v. Highway Motor Freight Lines, supra; Haden Co. v. Riggs (Tex.Civ.App.) 84 S.W.(2d) 789; Spencer's Administrator v. Fisel, 254 Ky. 503, 71 S.W.(2d) 955.

In reply to that contention of appellee just noted and authorities in support of

it, appellant has cited other authorities hereinafter referred to. In the case of Herrin v. Stroh Bros. Delivery Co. (Mo. App.) 263 S.W. 871, 875, the Court of Appeals affirmed a judgment in favor of plaintiff Herrin against Stroh Brothers for injuries sustained by him resulting from being struck by a truck having the words "Globe Democrat" painted on it while the truck was being backed out of an alley used for delivery of papers to a dealer having a place of business fronting thereon. The evidence showed that Stroh Brothers had a contract with the Democrat Publishing Company for delivery of its papers. It seems that no witness identified the driver of the truck, but plaintiff relied upon circumstantial evidence alone to warrant the finding by the jury that the truck in question belonged to defendants, Stroh Brothers, and was engaged at the time in furthering its business. In holding that evidence was sufficient to sustain the finding of the jury on that issue, the court said: "While it is true the defendant put his drivers on the stand and each denied that he came out of this alley at that time, yet the jury had the facts and circumstances leaving a contrary inference, which the jury accepted."

In Wichita Valley Ry. Co. v. Davis (Tex.Civ.App.) 275 S.W. 169, 170, it was held that a finding of the jury, that a notice of losses of the shipper caused by negligent handling of the cattle shipped was given to the agent of the railroad company, was supported by his testimony that such notice was duly mailed to the agent of the company notwithstanding the testimony of the agent that it was never received. This was said in the opinion: "Appellant's agent at Sagerton denied that the letter was received by him, and under some authorities such testimony destroys the presumption arising in such cases. But the weight of authority and the better view is that such denial merely raises an issue of fact which is for the decision of the jury, or the court in cases tried without a jury. Rosenthal v. Walker, 111 U.S. 185, 4 S.Ct. 382, 28 L.Ed. 395; Huntley v. Whittier, 105 Mass. 391, 7 Am.Rep. 536; Southern, etc., v. Vaughan, 98 Ark. 388, 135 S.W. 913, Ann.Cas.1912D, 1062, and other cases cited in notes 4 Ann.Cas. 956, and 49 L.R.A.(N.S.) 468. This is the rule which prevails in this state. Manhattan Life

Insurance Co. v. Fields (Tex.Civ.App.) 26 S.W. 280; Pink Front Bankrupt Store v. Mistrot & Co., 40 Tex.Civ.App. 375, 90 S.W. 75; Opet v. Denzer (Tex.Civ. App.) 93 S.W. 527."

That conclusion is supported by the authorities cited. And in the cited case of Rosenthal v. Walker, 111 U.S. 185, 4 S.Ct. 382, 28 L.Ed. 395, referring to proof that a letter was mailed, it is said: "Such proof, when opposed by evidence that the letter never was received, must be weighed by the jury, with all the other circumstances of the case, in determining the question whether the letter was actually received or not."

To the same effect numerous authorities might be cited, such as Farmers' State Bank & Trust Co. v. Central State Bank (Tex.Civ.App.) 281 S.W. 632, 633; 21 R.C.L. p. 768, § 40; 22 C.J. § 44, p. 102; 22 C.J. § 88, p. 157.

In addition to those authorities, the point is made that if the driver of the truck in question was an employee of defendant he would be an interested witness in the outcome of the suit, and therefore his credibility would be for the jury, citing 64 C.J. p. 358; Houston E. & W. T. Ry. Co. v. Runnels, 92 Tex. 305, 307, 47 S.W. 971; Chicago Fire & Marine Ins. Co. v. Harkness (Tex.Civ.App.) 58 S.W.(2d) 171; City of Waco v. Branch (Tex.Civ.App.) 8 S.W.(2d) 271; and other authorities with the following excerpt from 18 R.C.L. § 13, p. 502: "An employee is directly liable to his employer for any damage occasioned by his negligence or misconduct, whether such damage be direct to the property of the employer, or arise from the compensation which the employer has been obligated to make to third persons for injuries sustained by them."

In this connection appellee cites the decision of this court in Hill v. Staats, 187 S.W. 1039, 1042, in which we held that a peremptory instruction in favor of the defendants in the case was proper, notwithstanding their interest in the controversy, saying: "The testimony of appellee and his wife was positive and unequivocal, nor is there any circumstance disclosed in the record tending to discredit or impeach such testimony."

We believe the conclusion so stated distinguishes that case from the instant case.

■ We believe other decisions cited, holding testimony offered conclusively rebutted and nullified the presumption to the contrary obtaining in the first instance, are likewise distinguishable from this case. But whether so or not, we have reached the conclusion that under the facts of the case the court erred in peremptorily instructing a verdict in favor of the appellee here, for which the judgment must be reversed.

· According to the uncontroverted proof, defendant had been operating trucks over that highway for a number of years with the name "Pete De Shong" painted thereon and of the same design and · color as the one involved in the collision. Guy Sibley, one of defendant's truck drivers, testified that on October 13, 1934, while traveling north towards Amarillo he stopped in the town of Bowie, where he had a tire changed and ate supper, and while there he met Tom Wright, driver of defendant's truck No. 13, who was on his way from Amarillo to Dallas, traveling in a southerly direction. The place of meeting was at Trout's Filling Station. that remained open all night. He further testified that he left Bowie at about 3:30 o'clock p. m. and proceeded on his journey to Amarillo. Tom Wright testified that he made a trip to Amarillo on October 12th and arrived there about noon of that day. He loaded his truck in Amarillo and started back on his return trip at 9 o'clock p. m. October 12, 1934, the same day of his arrival in Amarillo. He stopped for food and rest about four or five hours before he reached Bowie on that return trip. He arrived at Bowie between 3 and 4 o'clock p. m. on October 13, 1934, and stopped at Trout's service station. About thirty minutes later he left Bowie for Dallas, by way of the Rhome cut-off, and not through Fort Worth, and arrived in Dallas about 7:30 p. m. of October 13, 1934. After arrival in Dallas, he unloaded his truck, played dominoes between that time and midnight, and left Dallas for return trip to Amarillo the following day, October 14th, about noon. According to testimony of other drivers, it was customary for them to stop for sleep and refreshments ·when needed for several hours, thus prolonging their trips beyond the usual time required. Tom Wright further testified to meeting defendant's son at the Rhome cut-off before reaching Dallas, and the son also testified to that meeting.

If it was supper time when Sibley and · Wright met at Bowie, the jury might reasonably infer that it was later than the hour fixed by either of those witnesses, and believe Wright probably reached the place of the accident at the time of the collision, notwithstanding his further testimony to the contrary. It is to be noted further that there was no record evidence in defendant's office at Dallas of the time of Wright's arrival there on October 13th, his testimony that it was about 7:30 p. m. and the testimony of defendant's witness A. A. Stein that it was about 8:30 p. m. being from memory only.

Appellant also invokes the rule announced in Robb v. Bartels (Mo.App.) 263 S.W. 1013, and 23 C.J. p. 24, that the evidence relied on to overcome the presumption of ownership and agency arising in such cases must be positive, unequivocal, and unimpeached.

By a cross-assignment of error appellee presents the contention that the court lost jurisdiction to try the case on the merits by reason of failure to dispose of appellant's controverting affidavit in reply to appellee's plea of privilege in proper time. The assignment is urged in the alternative, to be considered only in the event this court should hold that the judgment on the merits of the case should be reversed.

The record shows the following proceedings:

The suit was filed in the district court of Wise .county on· April 10, 1935, alleging defendant's residence in Potter county, but that .the collision and injury was caused by the negligence of the driver of the truck, occurring in Wise county,· and that the driver was an employee of defendant and engaged in performing one of the duties of his employment.

On May 17, 1935, defendant filed his plea of privilege to be sued in Potter county, the county of his residence, which was in statutory form and duly ˙verified. Subject to that plea of privilege and without waiving it, defendant filed a general demurrer and general denial to plaintiff's petition.

On June 1, 1935, plaintiff filed his controverting affidavit in reply to the plea of privilege in which the facts alleged in his original petition were repeated, which,

it was alleged, showed a trespass committed by defendant's agent in Wise county, where plaintiff had the right to institute the suit, under article 1995, subd. 9, Rev.Civ.Statutes.

On August 20, 1935, the case came on for trial, and after plaintiff had announced ready, defendant moved for a continuance until the November term of court on account of an absent witness. In conjunction with the motion to continue the case, defendant insisted that the plea of privilege should be disposed of forthwith and be not continued. That request was denied, to which defendant excepted, but the motion to continue the case was sustained, and it was continued to the November term of court without prejudice to the plea of privilege.

On December 2, 1935, which was during the November term, the court overruled defendant's motion to transfer the case to Potter county, based on allegations that the court had lost jurisdiction by reason of failure to act on the plea of privilege at the preceding term; to which defendant excepted.

The next term of court began on May 25, 1936, and the case was tried on June 1, 1936, during that term. When the plaintiff announced ready for trial, defendant objected to the court's proceeding with the trial on the ground that the court had lost jurisdiction of the case for failure sooner to dispose of plaintiff's controverting affidavit to the plea of privilege. That objection was overruled and defendant excepted. Thereupon the case proceeded to trial, resulting in rendition of the judgment, from which the appeal is prosecuted. But the judgment is silent as to any disposition made of the plea of privilege.

Article 2008, Rev.Civ.Statutes, provides that after a controverting plea to a plea of privilege has been filed and ten days' notice thereof served on the defendant, the "court shall promptly hear such plea of privilege and enter judgment thereon." Article 2013 requires a determination of all dilatory pleas not involving the merits of the case "during the term at which they are filed, if the business of the court will permit."

It is insisted that in the absence of any showing in the record of a sufficient reason for not disposing of the plea of privilege within the time required by the statutes, the court lost jurisdiction of the

merits of the suit, citing such cases as American Fidelity & Casualty Co. v. Jones Transfer & Storage Co. (Tex.Civ. App.) 46 S.W.(2d) 1054; Bundrant v. Woodley (Tex.Civ.App.) 32 S.W.(2d) 664; Burch Inv. Co. v. Hassen (Tex.Civ.App.) 58 S.W.(2d) 848; Cornell v. Cramer (Tex.Civ.App.) 72 S.W.(2d) 397; Box v. Deming Inv. Co. (Tex.Civ.App.) 286 S.W. 956; Austin Bridge Co. v. Wren (Tex.Civ.App.) 297 S.W. 654.

 It is well settled that the trial court has the discretion to hear a plea of privilege in connection with the trial of the case on the merits, especially so when the facts involved in the merits of plaintiff's suit are likewise determinative of the merits of the plea of privilege. 1 Tex.Jur. § 127, p. 176; Producers' Oil Co. v. Daniels (Tex.Civ.App.) 249 S.W. 308; Johnson v. Waggoner (Tex.Civ.App.) 190 S.W. 835, 836; Dorroh v. McKay (Tex. Civ.App.) 56 S.W. 611. Moreover, the uncontroverted proof showing that the collision occurred in Wise county established venue in that county under subdivision 9 of article 1995, Rev.Civ.Statutes. Appellee does not challenge the sufficiency of that evidence. Nor did he invoke a ruling of the court on the plea of privilege at the time of the trial. The merits of the plea of privilege were not affected by its continuance without prejudice. 1 Tex.Jur. § 126, p. 175; Johnson v. Waggoner (Tex.Civ.App.) 190 S.W. 835; Behrens Drug Co. v. Hamilton, 92 Tex. 284, 48 S.W. 5; Leahy v. Ortiz, 38 Tex.Civ. App. 314, 85 S.W. 824.

 In the absence of any contrary showing in the orders of court or by any bill of exception, the presumption must be indulged that the continuances of the plea of privilege without prejudice were for reasons authorized by the statutes and decisions and not an abuse of the court's discretionary powers pertaining thereto. Dorroh v. McKay, supra. Accordingly, the cross-assignment of error is overruled.

But appellant's assignment of error to the action of the court in instructing a verdict for the defendant as against plaintiff's suit is sustained; the judgment rendered in accordance therewith is reversed, and the cause is remanded.

## On Motion for Rehearing.

As pointed out in appellee's motion for rehearing, his witnesses Guy Sibley and

A. A. Stein and Tom Wright were not his employees when they testified in the case, although they were such when the accident in controversy occurred; Sibley and Wright now being employed by the De Shong Motor Lines, owned by W. H. Woodlief. These facts will be read into what was said in our original opinion in discussing the testimony of those witnesses.

The evidence was ample to prove that plaintiff was injured at night in a collision with a truck marked "Pete De Shong," through the negligence of the driver, who left the scene of the accident before plaintiff or any one else appearing on the scene could discover his identity. Plaintiff relied on circumstantial evidence to show that the truck belonged to the defendant and was being driven at the time by one of his employees in the discharge of the duties of his employment, and we believe that the facts and circumstances noted in our original opinion in connection with others shown in the statement of facts were sufficient prima facie to support that contention.

The following text in 17 Texas Jur. § 117, p. 351, is supported by numerous decisions cited in the footnotes:

"Direct evidence is not required by law, but facts to be proved may be established by circumstantial evidence. Nor is circumstantial evidence necessarily rendered inadmissible because direct evidence to the same point is also produced.

"Great latitude is allowed in the reception of indirect or circumstantial evidence, and matters that are not admissible as direct evidence of a fact may become proper evidence when they are sought to be considered as evidence tending to prove the fact. As a general rule, in the absence of direct evidence, evidence of any circumstance, however slight, which conduces or tends in any degree to establish a material fact, or which affords any fair presumption or inference as to the question in dispute, or tends to make the proposition at issue more or less probable, is relevant and admissible.

"It is not necessary that the fact sought to be proved should have direct reference to the main issue, but it is sufficient if the evidence refer to a fact relevant to a fact in issue. Whatever is a condition, either of the existence or nonexistence of a relevant hypothesis, may be shown, and a circumstance which if standing alone, would not tend to prove the main fact in issue, is admissible, if, in connection with other evidence, it tends to prove the issue. In such cases no definite line of demarcation between proximate and remote facts can be drawn, and however remote from the main issue in point of time, place or other circumstance a fact may be, if relevant, and tending to explain the main issue, it is proper to admit evidence thereof, leaving the question of its weight to the jury."

In section 57, p. 247 of the same volume, it is pointed out that one presumption cannot be based on another presumption, but a presumption or inference may be drawn from a relevant fact established by direct evidence, and in section 58, p. 249, this is said: "Presumptions of fact, on the other hand, pertain exclusively to and must always be drawn by the jury, where the fact inferred or presumed is to be believed or rejected as the application of reason and common experience to the facts proved may justify, or where there are facts or circumstances in evidence which tend to rebut the presumption; and where the fact to be presumed is controverted by direct testimony the jury may indulge or reject the presumption, as the entire evidence may justify."

We quote the following from 23 Corpus Juris, p. 57. "Marks and brands and letters on stock and other property are evidence tending the establish ownership, but in this case also the evidence is not conclusive."

One of the decisions cited to support that text is Edgeworth v. Wood, 58 N.J. Law, 463, 33 A. 940, in which it was held that one whose name and business address appears on a wagon in use on a public street is prima facie the owner. Defendant's name painted on the truck being prima facie evidence of his ownership, the jury would have the right in indulge the inference that such ownership continued up to the time of the accident, and in connection with other facts in evidence was then being used by defendant's employee in the conduct of defendant's trucking business. See, also, Mrs. Baird's Bakery v. Davis, supra, and other decisions there cited. In 17 Tex.Jur. § 62, p. 255, this is said: "It is a general rule, with wide applications, that where the existence of a status or a state of things, a personal relation or a custom is once established, it is presumed that such status,

etc., continues until the contrary is shown, or until a different presumption is raised from the nature of the subject in question. This presumption applies to ownership of property. * * *"

See, also, 22 C.J. p. 86.

Motion for rehearing is overruled.